UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

SHANTE ORR,

Plaintiff,

-against-

CITY OF NEW YORK, and EDWICH JASMIN, Individually and in his capacity as Captain for the Department of Correction

Defendant.

---------------------------------------------------------- X

**ANSWER**

24-CV-7854 (AMD) (RML)

Defendant City of New York ("City"),[1] by its attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, as and for its Answer to the Complaint, dated November 11, 2024, respectfully alleges as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff worked for the New York City Department of Correction ("DOC") for at least sixteen years and that in or around May 2022, Plaintiff worked in the Transportation Division on Rikers Island and was assigned to the store, where Correction Officers sell food.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Defendant Edwich Jasmin was employed by the DOC for at least 35 years, was a Captain and was Administrative Captain in the Transportation Division until his retirement on December 4, 2024.

[1] Upon information and belief, Defendant Edwich Jasmin has not been served with process in this matter, and there is no indication on the docket that he has been served with process.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Captain Jasmin sexually assaulted Plaintiff.

5. Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit Plaintiff purports to invoke the Court's jurisdiction as set forth therein.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to base venue as set forth therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Admit the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Defendant Jasmin was an employee of the City and that he held the rank of Captain at DOC and was an Administrative Captain within the Transportation Division at DOC.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admit Plaintiff was employed by DOC as a Correction Officer for at least 17 years.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit Plaintiff identifies as female.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff began working at DOC as a Correction Officer in 2007.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiff was assigned to work at the Transportation Division Store on Rikers Island where Correction Officers sell food.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit Defendant Jasmin was the Administrative Captain of the Transportation Division and was employed with the City since 1989.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admit, upon information and belief, that Defendant Jasmin sent Plaintiff $100 on Cash App.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “36” of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “37” of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “38” of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “39” of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “40” of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “41” of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “42” of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “43” of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “44” of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “45” of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “46” of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “47” of the Complaint.

48. Deny the allegations set forth in paragraph “48” of the Complaint.

49. Deny the allegations set forth in paragraph “49” of the Complaint, and affirmatively state that the New York City Department of Investigation (“DOI”) conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “50” of the Complaint.

51. Deny the allegations set forth in paragraph “51” of the Complaint.

52. Deny the allegations set forth in paragraph “52” of the Complaint.

53. Deny the allegations set forth in paragraph “53” of the Complaint.

54. Deny the allegations set forth in paragraph “54” of the Complaint.

55. In response to the allegations set forth in paragraph “55” of the Complaint, Defendant City repeats, realleges and reiterates all the above responses to the allegations contained in the paragraphs of the Complaint number “1” through “54” as if fully set forth herein.

56. Paragraph “56” of the Complaint consists of a legal conclusion to which no responsive pleading is required. To the extent it sets forth allegations of fact, deny, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

57. Paragraph “57” of the Complaint consists of a legal conclusion to which no responsive pleading is required. To the extent it sets forth allegations of fact, deny, except admit that Plaintiff identifies as a woman, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that Plaintiff worked for DOC for at least sixteen years and that Plaintiff worked in the Transportation Division on Rikers Island.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit Defendant Jasmin supervised the Transportation Division on Rikers Island.

60. Deny the allegations set forth in paragraph "60" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

63. Deny the allegations set forth in paragraph "63" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. In response to the allegations set forth in paragraph "69" of the Complaint, Defendant City repeats, realleges and reiterates all the above responses to the allegations contained in the paragraphs of the Complaint number "1" through "68" as if fully set forth herein.

70. Paragraph "70" of the Complaint consists of a legal conclusion to which no responsive pleading is required. To the extent it sets forth allegations of fact, deny, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

71. Paragraph "71" of the Complaint consists of a legal conclusion to which no responsive pleading is required. To the extent it sets forth allegations of fact, deny, except admit that Plaintiff identifies as a woman, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit that Plaintiff worked for DOC for at least sixteen years and Plaintiff worked in the Transportation Division on Rikers Island.

73. Deny the allegations set forth in paragraph "73" of the Complaint, except admit that Defendant Jasmin supervised the Transportation Division on Rikers Island.

74. Deny the allegations set forth in paragraph "74" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph “79” of the Complaint.

80. Deny the allegations set forth in paragraph “80” of the Complaint.

81. Deny the allegations set forth in paragraph “81” of the Complaint.

82. Deny the allegations set forth in paragraph “82” of the Complaint.

83. Deny the allegations set forth in paragraph “83” of the Complaint.

84. Deny the allegations set forth in paragraph “84” of the Complaint.

85. Deny the allegations set forth in paragraph “85” of the Complaint.

86. Deny the allegations set forth in paragraph “86” of the Complaint.

87. In response to the allegations set forth in paragraph “87” of the Complaint, Defendant City repeats, realleges and reiterates all the above responses to the allegations contained in the paragraphs of the Complaint number “1” through “86” as if fully set forth herein.

88. Paragraph “88” of the Complaint consists of a legal conclusion to which no responsive pleading is required. To the extent it sets forth allegations of fact, deny, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

89. Paragraph “89” of the Complaint consists of a legal conclusion to which no responsive pleading is required. To the extent it sets forth allegations of fact, deny, except admit that Plaintiff identifies as a woman, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

90. Deny the allegations set forth in paragraph “90” of the Complaint, except admit that Plaintiff worked for the DOC for at least sixteen years and Plaintiff worked in the Transportation Division on Rikers Island.

91. Deny the allegations set forth in paragraph "91" of the Complaint, except admit Defendant Jasmin supervised the Transportation Division on Rikers Island between May 2022 and March 2023.

92. Deny the allegations set forth in paragraph "92" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. In response to the allegations set forth in paragraph "102" of the Complaint, Defendant City repeats, realleges and reiterates all the above responses to the allegations contained in the paragraphs of the Complaint number "1" through "101" as if fully set forth herein.

103. Paragraph "103" of the Complaint consists of a legal conclusion to which no responsive pleading is required. To the extent it sets forth allegations of fact, deny, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

104. Deny the allegations set forth in paragraph "104" of the Complaint, except admit Plaintiff identifies as a woman.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

108. Deny the allegations set forth in paragraph "108" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint =.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. In response to the allegations set forth in paragraph "115" of the Complaint, Defendant City repeats, realleges and reiterates all the above responses to the allegations contained in the paragraphs of the Complaint number "1" through "114" as if fully set forth herein.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. In response to the allegations set forth in paragraph "121" of the Complaint, Defendant City repeats, realleges and reiterates all the above responses to the allegations contained in the paragraphs of the Complaint number "1" through "120" as if fully set forth herein.

122. Paragraph "122" of the Complaint consists of a legal conclusion to which no responsive pleading is required. To the extent it sets forth allegations of fact, deny, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

123. Paragraph "123" of the Complaint consists of a legal conclusion to which no responsive pleading is required. To the extent it sets forth allegations of fact, deny, except admit that Plaintiff identifies as a woman, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

124. Deny the allegations set forth in paragraph "124" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint, and affirmatively state that DOI conducted an investigation and substantiated allegations that Defendant Jasmin sexually harassed Plaintiff.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

**AS AND FOR A FIRST DEFENSE**

134. The Verified Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

135. Defendant City did not have knowledge of any discriminatory conduct to which it did not take immediate and appropriate corrective action.

**AS AND FOR A THIRD DEFENSE**

136. Plaintiff's claims for punitive damages are barred as against the City because punitive damages are not available against a government or a governmental subdivision

**AS AND FOR A FOURTH DEFENSE**

137. Upon information and belief and subject to discovery, Plaintiff's claim for damages is barred, in whole or part, by her failure to mitigate damages.

**AS AND FOR A FIFTH DEFENSE:**

138. City Defendants established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory or harassment practices by employees.

**AS AND FOR A SIXTH DEFENSE:**

139. City Defendants exercised reasonable care to prevent and/or promptly correct any alleged discriminatory or harassing behavior. Further, Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the City to its employees or to otherwise avoid harm.

**AS AND FOR A SEVENTH DEFENSE**

140. This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A EIGHT DEFENSE**

141. Some of the conduct complained of may consist of nothing more than what a reasonable person would consider petty slights and trivial inconveniences.

**AS AND FOR AN NINTH DEFENSE**

142. To the extent any misconduct was reported, City Defendants exercised reasonable care to prevent and/or promptly correct such conduct.

**AS AND FOR A TENTH DEFENSE**

143. City Defendant's actions were reasonable, proper, lawful, constitutional, and made in good faith and without malice

**WHEREFORE**, Defendant respectfully request that the Complaint be dismissed in its entirety, that all relief requested therein be denied, and that City Defendants be granted such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 27, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
*Attorney for Defendant City*
100 Church Street, 2nd Floor
New York, New York 10007
(212) 356-1955
kdunayev@law.nyc.gov

By: /s/ Katherine A. Dunayevich
Katherine A. Dunayevich
Assistant Corporation Counsel

To: David Ehrlich (By ECF)
Stagg Wabnik Law Group LLP
*Attorneys for Plaintiff*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4570